UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ERIC HAYNES, *Pro Se*, | ) | Case No.: 1: 19 CV 1320 |
| Plaintiff | ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) | |
| ARMOND BUDISH, *et al.*, | ) | |
| | ) | MEMORANDUM OF OPINION |
| Defendants | ) | AND ORDER |

**Background**

*Pro Se* Plaintiff Eric Haynes, a detainee in the Cuyahoga County Jail, filed this *in forma pauperis* civil rights action against multiple Cuyahoga County officials and jail employees, including Armond Budish, Ken Mills, Eric Ivey, Emily McNeeley, Douglas Dykes, and Clifford Pickney. (Doc. No. 1.) In his Complaint, he alleges he arrived in the Jail on May 7, 2019, and "told the appropriate staff" he needed to be on kosher meals; however, "it took staff until 5-12-19" to put him on the Ramadan list and he did not eat a kosher meal "until 5-25-19." (*Id*. at 3.) He further alleges there is no imam, religious services are inadequate, and his housing with other cellmates interferes with his prayer and fasting.

The Plaintiff also complains of other conditions in the Jail. He complains his cell doesn't have hot water; there is black mold in the showers; the food trays "smell like feces and the water tastes like lead"; inmates have to endure Red Zone when they can't call their lawyers or family or take showers; and there is no mental health staff available. (*Id*. at 4.) He asserts he felt depressed after his lost his mother and asked to see a mental health counselor, but he received no response.

Contending the conditions in the Jail subject him to cruel and unusual punishment, he asks to be "fairly compensated" and to receive the "medical and mental health treatment that he needs." (*Id*. at 5.)

**Standard of Review**

Although *pro se* pleadings are liberally construed, *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), federal district courts are required review any complaint "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and to dismiss before service any such action that the court determines is frivolous or malicious, fails to state a claim on which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A; *Hill v. Lappin,* 630 F.3d 468, 470 (6th Cir. 2010). In order to survive a dismissal for failure to state a claim, a complaint must contain sufficient factual matter, accepted as true, to state claim to relief that is plausible on its face. *Hill*, 630 F.3d at 471 (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals for failure to state a claim under 28 U.S.C. § 1915A).

**Discussion**

Upon review, the court finds Plaintiff's Complaint must be dismissed.

Plaintiff does not set forth allegations specifically connecting any defendant to the unconstitutional conditions or misconduct he alleges, and it is well established that supervisory officials cannot be liable for constitutional violations of subordinates under 42 U.S.C. § 1983 solely on the basis of *respondeat superior*. A plaintiff cannot establish the individual liability of any defendant for constitutional violations absent allegations showing that each defendant was personally

involved in the conduct which forms the basis of his claims. "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Accordingly, where, as here, individuals are merely named as defendants in a civil rights action without supporting allegations of specific conduct in the body of the complaint, the complaint is subject to dismissal even under the liberal construction afforded to *pro se* plaintiffs. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) ("Merely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under §1983"); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (affirming dismissal of complaint that did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of federal rights).

Further, Plaintiff has not plead facts sufficient to raise a claim against Cuyahoga County under *Monell v. Dept. of Soc. Servs.*, 436 U.S. 3 (1978) for unconstitutional acts resulting in his injury as a result of an unconstitutional policy or custom.

## Conclusion

Accordingly, the Plaintiff's Complaint is dismissed pursuant to 28 U.S.C. § 1915A. The court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/S/ SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE

July 18, 2019